IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DARRELL WAYNE BELL, #1983875 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv341 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Darrell Wayne Bell ("Bell"), an inmate confined within the Texas Department of Criminal Justice, proceeding *pro se*, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging the illegality of his conviction. The cause of action was referred for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

## I. Background

Bell challenges his Smith County conviction for one count of continuous sexual abuse of a child. After a jury trial, on December 29, 2014, Bell was sentenced to life imprisonment. He filed a direct appeal, which the Twelfth Court of Appeals affirmed his conviction in September 2015. *See Bell v. State*, 2015 WL 5157510 (Tex.App.—Tyler 2015) (not designated for publication). Bell did not file a petition for discretionary review, but filed his state habeas application on August 17, 2016, which was denied without a written order on December 7, 2016. This federal habeas petition, filed on June 7, 2017, follows.

## II. Factual Background

The Twelfth Court of Appeals summarized the facts as follows:

> The evidence at trial showed that Appellant was living with his fiancée's adult daughter, and the daughter's three children. One of the children was seven-year old L.J. She testified that Appellant's sexual abuse began on a "movie night." After

her brothers fell asleep, Appellant kissed her, showed her a pornographic video, and then licked inside her vagina. L.J. could not remember when that incident occurred. The next assaults occurred the day Appellant dug a trench for a new cable line. L.J.'s grandmother testified that Appellant dug the trench on September 20, 2013. L.J. also testified about several other assaults.

L.J. testified that the last assaults occurred on a night when her grandmother was at work and her mother had left to take her brothers to visit their cousins. The abuse escalated that night. L.J. believed that the date was in December 2013. L.J.'s mother testified that on the day before Thanksgiving 2013, L.J. told her about the last night she was assaulted. She stated that the night L.J. told her the assault occurred was the previous Sunday.

*Bell*, 2015 WL 5157510 at *1.

### III. Bell's Federal Habeas Petition and the Response

Bell maintained that counsel was ineffective for failing to present exculpatory material, which was only discovered after he was sentenced, concerning the victim's attendance records at school. As a result, he contended, he was denied due process because that evidence would have shown his innocence. Respondent argued that Bell's petition is time-barred through the statute of limitations.

After a review of the pleadings, the Magistrate Judge issued a Report, (Dkt. #16), recommending that Bell's petition be dismissed with prejudice as time-barred by virtue of the statute of limitations. Moreover, the Magistrate Judge found that Bell neither demonstrated actual innocence nor equitable tolling, and then recommended that a certificate of appealability be denied as well.

### IV. Standard of Review

The role of federal courts in reviewing habeas corpus petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a federal constitutional right; federal review is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d

1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Furthermore, federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996. Under the AEDPA, which imposed a number of habeas corpus reforms, a petitioner who is custody "pursuant to the judgment of State court" is not entitled to federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). The AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016).

## V. Bell's Objections, Discussion, and Analysis

In his objections, Bell reargues his main contention articulated throughout his habeas petition: Records of the victim's school attendance on "cable day" demonstrate that he could not be convicted of sexual abuse of a child because the victim was at school. These school records would prove his actual innocence.

However, as the Magistrate Judge correctly found, Bell's federal habeas petition is time-barred. As the Magistrate Judge explained, Bell's entire petition is untimely as barred by the

statute of limitations. An inmate must file a section 2254 motion within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States if removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244 imposes a general one-year statute of limitations.

Generally, a case is final when a judgment of conviction is entered, the availability of an appeal is exhausted, and the time for filing a petition for certiorari has lapsed or the certiorari petition is actually denied. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (explaining that finality is determined by expiration of time for filing further appeals).

Moreover, the time period for filing a timely petition is tolled while a state habeas application, post-conviction motion, or other application for collateral review is pending. *See* 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim pending shall not be counted toward any period of limitation under this subsection.").

Here, Bell's direct appeal was affirmed on September 2, 2015. Because Bell did not file a petition for discretionary review with the Texas Court of Criminal Appeals, his conviction became final on October 2, 2015—the last day in which he could have filed a timely petition for discretionary review. *See Gonzalez v. Thaler*, 565 U.S. 134, 148 (2012) ("We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment

4

became final when his time for seeking review with the State's highest court expired"); *Roberts*, 319 F.3d at 693-94 (state prisoner's conviction became final when the thirty-day period for filing a petition for discretionary review in state court ended). Accordingly, Bell's federal petition was due by October 2, 2016—absent any tolling.

Bell's state habeas application, filed on August 17, 2016, and denied on December 7, 2016, tolled his limitations period 113 days. Therefore, given those 113 days of tolling, Bell's federal petition was due on January 23, 2017—thereby rendering this June 2017 federal petition untimely. The Magistrate Judge correctly found that Bell's petition is time-barred.

Furthermore, the Magistrate also properly found that Bell failed to demonstrate that he is entitled to equitable tolling. Under the AEDPA, the one-year statute of limitations period may be equitably tolled only if the petitioner demonstrates that (1) "he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Furthermore, the doctrine of equitable tolling is available in only the most rare and exceptional circumstances, particularly when the plaintiff is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Flores v. Quarterman*, 467 F.3d 484, 486 (5th Cir. 2000) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). Furthermore, lack of legal knowledge—however understanding the ignorance may be—does not justify equitable tolling. *Id*. at 487.

Here, as the Magistrate Judge found, Bell has not advanced any rare or exceptional circumstances warranting equitable tolling. The record shows that while Bell filed his state habeas application relatively quickly after the appellate court affirmed his conviction, the record also indicates that he waited six months before filing this federal petition. He failed to show that any

rare or exceptional circumstances that prevented him from filing his federal petition before the limitations period expired. Accordingly, the Magistrate Judge correctly found that Bell was not entitled to equitable tolling.

On objection, Bell does not dispute that his petition is time-barred. Rather, he argues that he is actually innocent based on newly discovered evidence indicating that the victim was at school on the date of the sexual assault. Actual innocence, if proven, "serves as a gateway through which the petitioner may pass whether the impediment is a procedural bar … or, as in this case, expiration of the statute of limitations." *See McQuiggen v. Perkins*, 133 S.Ct. 1924, 1928 (2013). In this way, the Supreme Court explained that tenable actual-innocence gateway pleas are rare; a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id*. (*citing Schlup v. Delo*, 513 U.S. 298, 329 (1995) (claim of actual innocence requires the petitioner to support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial)).

However, here, as the Magistrate Judge explained, Bell raised this claim in his state habeas application—which was denied. Furthermore, trial counsel explained in his affidavit that there was no testimony of any exact times as to when Bell committed the assaults, so school attendance and "cable day" records would not have assisted Bell's defense. Moreover, counsel explained to the habeas court that Bell "fails to recognize that if these records would have been introduced it would have shored up the exact date for the State, which would have assisted the State in proving an element of the offense." The state habeas court denied relief. As it stands, Bell fails to show

rare or exceptional circumstances that prevented him from filing his federal petition before the limitations period expired. Accordingly, the Magistrate Judge correctly found that Bell was not entitled to equitable tolling.

On objection, Bell does not dispute that his petition is time-barred. Rather, he argues that he is actually innocent based on newly discovered evidence indicating that the victim was at school on the date of the sexual assault. Actual innocence, if proven, "serves as a gateway through which the petitioner may pass whether the impediment is a procedural bar … or, as in this case, expiration of the statute of limitations." *See McQuiggen v. Perkins*, 133 S.Ct. 1924, 1928 (2013). In this way, the Supreme Court explained that tenable actual-innocence gateway pleas are rare; a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id*. (*citing Schlup v. Delo*, 513 U.S. 298, 329 (1995) (claim of actual innocence requires the petitioner to support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial)).

However, here, as the Magistrate Judge explained, Bell raised this claim in his state habeas application—which was denied. Furthermore, trial counsel explained in his affidavit that there was no testimony of any exact times as to when Bell committed the assaults, so school attendance and "cable day" records would not have assisted Bell's defense. Moreover, counsel explained to the habeas court that Bell "fails to recognize that if these records would have been introduced it would have shored up the exact date for the State, which would have assisted the State in proving an element of the offense." The state habeas court denied relief. As it stands, Bell fails to show

rare or exceptional circumstances that prevented him from filing his federal petition before the limitations period expired. Accordingly, the Magistrate Judge correctly found that Bell was not entitled to equitable tolling.

On objection, Bell does not dispute that his petition is time-barred. Rather, he argues that he is actually innocent based on newly discovered evidence indicating that the victim was at school on the date of the sexual assault. Actual innocence, if proven, "serves as a gateway through which the petitioner may pass whether the impediment is a procedural bar … or, as in this case, expiration of the statute of limitations." *See McQuiggen v. Perkins*, 133 S.Ct. 1924, 1928 (2013). In this way, the Supreme Court explained that tenable actual-innocence gateway pleas are rare; a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id*. (*citing Schlup v. Delo*, 513 U.S. 298, 329 (1995) (claim of actual innocence requires the petitioner to support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial)).

However, here, as the Magistrate Judge explained, Bell raised this claim in his state habeas application—which was denied. Furthermore, trial counsel explained in his affidavit that there was no testimony of any exact times as to when Bell committed the assaults, so school attendance and "cable day" records would not have assisted Bell's defense. Moreover, counsel explained to the habeas court that Bell "fails to recognize that if these records would have been introduced it would have shored up the exact date for the State, which would have assisted the State in proving an element of the offense." The state habeas court denied relief. As it stands, Bell fails to show

that the state court's adjudication of his actual innocence claim was unreasonable or contrary to federal laws.

## VI. Conclusion

A review of the pleadings and the Magistrate Judge's Report demonstrate that Bell's federal habeas corpus petition is untimely. The Court has conducted a careful *de novo* review of the Magistrate Judge's proposed findings and recommendations. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the United States Magistrate Judge is correct and the Bell's objections are without merit. Accordingly, it is

**ORDERED** that the Petitioners' objections, (Dkt. #18), are overruled and the Report of the Magistrate Judge, (Dkt. #16), is **ADOPTED** as the opinion of the District Court. Furthermore, it is

**ORDERED** that the above-styled petition for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is also

**ORDERED** that Petitioner Bell is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**So Ordered and Signed**
Jun 8, 2018

_____
Ron Clark, United States District Judge